UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROXANNE F. HOOD, | ) | |
| | ) | Case No: |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | |
| TRANS UNION LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT**

Roxanne F. Hood ("Plaintiff") brings this action against defendant Trans Union LLC ("Trans Union" or "Defendant") as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action against Defendant for damages resulting from its violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA").

2. "Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681 (a)(1). "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers." 15 U.S.C. § 1681 (a)(3). "There is a need to ensure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right of privacy." 15 U.S.C. § 1681 (a)(4).

3. Consumer reporting agencies are to "[]adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner

1

which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information …" 15 U.S.C. § 1681 (b).

## JURISDICTION

4. Jurisdiction is proper under 28 U.S.C. § 1331, and 15 U.S.C. § 1681p (FCRA) as this action arises under the laws of the United States.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the sole Defendant in this case resides in this district.

## PARTIES

6. Plaintiff, Roxanne F. Hood, is a natural person who resides in Kentucky.

7. Defendant Trans Union is an Illinois limited liability corporation with its principal place of business located at 555 West Adams Street, Chicago, IL 60661. Its registered agent, Prentice Hall Corporation is located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

8. Trans Union is a credit reporting agency that compiles and maintains files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

9. Defendant regularly conducts business in Illinois.

## FACTS

10. In May 2001, Plaintiff filed a Chapter 13 bankruptcy that was converted to a Chapter 7 bankruptcy. That bankruptcy was discharged on September 24, 2002.

11. Included in Plaintiff's bankruptcy from 20 years ago was a mortgage she co-signed with her daughter ("Ditech Mortgage")

12. Plaintiff has not made any payments on the Ditech Mortgage since filing her Chapter 7 bankruptcy 20 years ago.

13. In October 2020—while trying to obtain approval for a mortgage—Plaintiff accessed her credit reports. Plaintiff's Trans Union credit report showed a Ditech mortgage as a charge off, with a $1,647 balance, $1,647 past due, and reporting 2 30-day late notations. Plaintiff's Equifax nor Experian credit reports were reporting this obsolete tradeline inaccurately, like Trans Union.

14. In January 2021 Plaintiff sent a dispute letter to Trans Union via First-Class Certified Mail—Tracking Number: 70202450000006530349 at PO Box 2000, Chester, PA 19016-2000.

15. The USPS shows Plaintiff's dispute letter was received by Trans Union on February 1, 2021 at 10:23 a.m.

16. Plaintiff's dispute letter stated: "DITECH (29502497) This account was included in my chapter 7 bankruptcy and should not be reporting a balance or past due amount. Please correct this or remove the account from my report."

17. Plaintiff accessed her Trans Union credit report on February 15, 2021 to see the Ditech mortgage was still erroneously reporting.

18. Plaintiff accessed her Trans Union credit report again on March 29, 2021 to see the Ditech mortgage was still erroneously reporting.

19. Wanting, still, to obtain a mortgage, Plaintiff reached out to a mortgage professional long after Trans Union was to reinvestigate Plaintiff's dispute but was denied: "She has a Ditech mortgage acct 29502497 that is currently showing as a charge off. This one items is the sole issue keeping her from being approved for a mortgage."

20. Trans Union failed to forward Plaintiff's dispute to Ditech mortgage, or whatever entity was furnishing the obsolete and inaccurate information to Trans Union.

21. Trans Union failed to conduct its own reinvestigation into why Plaintiff's obsolete Ditech mortgage was currently reporting on Plaintiff's Trans Union credit report as a charge off with a balance.

22. Trans Union failed to respond to Plaintiff's dispute in any way.

23. Plaintiff called Trans Union on February 19, 2021 and March 17, 2021 to inquire about the status of her dispute but could not confirm the status.

24. To date, Trans Union is still reporting the Ditech mortgage account that is obsolete and contained inaccurate information.

25. Plaintiff cannot move forward with a mortgage until this error is remedied.

26. Plaintiff has been damaged due to the Defendant's failure to investigate Plaintiff's dispute and Defendant's false reporting of the Ditech mortgage that was discharged in bankruptcy nearly 20 years ago. In addition, Defendant's violations of the FCRA have caused Plaintiff to suffer embarrassment, humiliation, and emotional distress.

27. Plaintiff has suffered damages proximately caused by the conduct of Trans Union, including:

   i. Emotional distress, humiliation, guilt, stress, anxiety;

   ii. Time and expense of pulling/reviewing credit reports to verify the reporting of the inaccurate reporting;

   iii. Believing that the inaccurate reporting may continue to be reported inaccurately through no fault of Plaintiff's and have a chilling effect on Plaintiff's ability to obtain a mortgage;

   iv. Adverse information on Plaintiff's credit reports and a negative impact to Plaintiff's credit rating;

   v. An inability to improve Plaintiff's credit during the dispute process;

   vi. A lower credit score; and

   vii. Having to hire attorneys to combat the improper credit reporting.

## COUNT I

28. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

29. Pursuant to 15 U.S.C. § 1681i(a)(1)(A) if the completeness or accuracy of any item of information contained in a consumer's file at Trans Union is disputed by the consumer, Trans Union must "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file…before the end of the 30-day period beginning on the date on which the agency receives notice of the dispute from the consumer."

30. Pursuant to 15 U.S.C. § 1681i(a)(2)(A) Trans Union has 5-business days from receiving notice of a dispute from a consumer to send the dispute—with all relevant information—regarding the dispute to the company that provided any item of information in dispute.

31. Pursuant to 15 U.S.C. § 1681i(a)(4) Trans Union must "review and consider all relevant information submitted by the consumer" when Trans Union conducts any reinvestigation.

32. Pursuant to 15 U.S.C. § 1681i(a)(6) Trans Union shall provide written notice to a consumer of the results of a within 5-business days after the completion of the reinvestigation.

33. Pursuant to 15 U.S.C. § 1681i(a)(8)(c) whenever a non-frivolous statement of a dispute is filed, Trans Union shall—in any subsequent consumer report containing the information in question—clearly note that it is disputed by the consumer.

34. Plaintiff disputed the accuracy of a Ditech account that appeared on her Trans Union credit report via First-Class Certified Mail—Tracking Number: 70202450000006530349.

35. Trans Union received Plaintiff's dispute on February 1, 2021.

36. Trans Union failed to provide Ditech—or the entity providing information as to the Ditech account—with Plaintiff's dispute.

37. Trans Union failed to conduct its own reinvestigation into Plaintiff's dispute.

38. Trans Union failed to provide written notice to Plaintiff as to the results of its reinvestigation.

39. Trans Union failed to update Plaintiff's credit report with a statement that the Ditech account is disputed by Plaintiff.

40. Plaintiff accessed her Trans Union credit reports on February 15, 2021 and March 29, 2021 and the erroneous Ditech account was still inaccurately reporting.

41. On March 31, 2021, Plaintiff received a mortgage denial letter that stated "She has a Ditech mortgage acct 29502497 that is currently showing as a charge off. This one items is the sole issue keeping her from being approved for a mortgage."

42. Trans Union's conduct, action, and inaction as alleged herein was willful, or, in the alternative, negligent.

43. Plaintiff suffered actual damages, embarrassment, humiliation, and emotional distress because of Trans Union's conduct, action, and inaction.

WHEREFORE, Plaintiff requests that this Honorable Court:

a. Enter judgment in Plaintiff's favor and against Trans Union;
b. Appropriate statutory penalties for each violation of the FCRA;
c. Actual damages;
d. Punitive damages;
e. Reasonable attorney's fees and the costs of this litigation;
f. Pre-judgment and post-judgment interest at the legal rate;
g. Appropriate equitable relief, including the correction or deletion of the inaccurate or misleading reporting of Plaintiff's tradelines; and
h. Such other relief as the Court deems equitable, just, and proper.

**Plaintiff demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.**

Dated: May 14, 2021

Respectfully submitted,

ROXANNE F. HOOD, plaintiff,

By: /s/James M. Smith

Richard J. Doherty (6226707)
James M. Smith (6285183)
Doherty Smith, LLC
9501 W. 144th Place
Suite 101
Orland Park, IL 60462
Phone: 708.645.8824
Fax: 312.319.4084
RDoherty@dohertysmith.com
JSmith@dohertysmith.com

## **VERIFICATION**

Plaintiff Roxanne F. Hood declares as follows:

1. I am the Plaintiff in this Verified Complaint.

2. I reside in Kentucky.

3. I have personal knowledge of myself and my activities, including those set forth in this Verified Complaint. If called to testify, I could and would testify competently and truthfully as to the matters stated in this Verified Complaint.

4. I verify and affirm under penalty of perjury under the laws of the United States of America and the State of Kentucky that the factual averments in this Verified Complaint concerning myself and my activities are true and correct pursuant to 28 U.S.C. § 1746.

Executed on: 5/14/2021

*Roxanne F. Hood*
ID 6FKbWvmhMbDgCfF7GcrSRaAq

/s/ Roxanne F. Hood, Plaintiff

## eSignature Details

**Signer ID:**      **6FKbWvmhMbDgCfF7GcrSRaAq**
Signed by:          Roxanne F Hood
Sent to email:      roxiefhood@gmail.com
IP Address:         74.129.215.226
Signed at:          May 14 2021, 8:37 am CDT